## ROTHBLATT v. SOLOMON.

(Supreme Court, Appellate Term. June 5, 1908.)

NEGLIGENCE—EVIDENCE.

> In an action for damages sustained by plaintiff through an overflow of water alleged to have come from defendant's place of business, which was situated on the floor above plaintiff's, plaintiff, on testifying that he went to the top floor of the building and found everything in a normal condition, that he then descended to the floor below, exclusively occupied by defendant, and found the floor wet, and paper boxes, etc., soaked in water, and that there was a sink and water faucet in the loft occupied by defendant, from which the overflow came, made out a prima facie case.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by David Rothblatt against Max Solomon. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Phillips & Samuels, for appellant.

Joseph Kleiner, for respondent.

PER CURIAM. The action was brought to recover damages alleged to have been sustained by plaintiff through an overflow of water, which is alleged to have come from defendant's place of business. Plaintiff was engaged in the leather business, and occupied part of the first floor of 264 Bowery. The defendant occupied the whole of the floor above. On September 17, 1907, the plaintiff left his business. Plaintiff testified that when he returned to his shop on September 19th he found it full of water, and water was running down the walls, almost all of his stock submerged, etc. He went to the top floor of the building, where he found everything in normal condition. He then descended to the floor below, which was occupied by defendant, and here he found the floor wet and paper boxes, etc., soaked in water. There was a sink and a water faucet in the loft occupied by defendant.

The court below gave judgment for the plaintiff. Plaintiff having proved that the defendant was in exclusive possession of the loft in which the sink and faucet from which the overflow came were located, and having proved the injury and where the overflow occurred, made out a prima facie case. Moore v. Goedel, 34 N. Y., at page 531. The evidence adduced by defendant was properly found by the court below not to negative the case made out by plaintiff, and defendant failed to overcome the presumption cast upon him by law. Judgment should be affirmed, with costs.

Judgment affirmed, with costs.