LAMPORT et al. v. CONTINENTAL ART GLASS & BRASS CO.

(Supreme Court, Appellate Term. December 22, 1911.)

LANDLORD AND TENANT (§ 169*)—PREMISES—INJURY TO TENANT FROM DEFECTIVE CONDITION—CONTRIBUTORY NEGLIGENCE.

Where there is evidence that a landlord promised to make necessary repairs, and that leakages which had occurred had ceased for some months, tenants are not guilty of contributory negligence, as a matter of law, in placing goods in a spot where such previous leakages had occurred.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by S. Charles Lamport and others against the Continental Art Glass & Brass Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Otterbourg, Steindler & Houston (Charles A. Houston, of counsel), for appellant.

Herman J. Wittstein (William L. Schneider, of counsel), for respondents.

GIEGERICH, J.   Counsel for the appellant very frankly and properly concedes that, so far as the question of the sufficiency of the proof to establish negligence on the part of the defendant is concerned, this case is governed, in principle, by the decisions of this court in Rothblatt v. Solomon, 59 Misc. Rep. 519, 110 N. Y. Supp. 1039, and other cases. These decisions are conclusive upon us, and there is nothing further to be said upon that branch of the case.

So far as the claim that the plaintiffs were guilty of contributory negligence in putting their goods in a place where previous leakages had occurred is concerned, we cannot hold that they were so as a matter of law, in view of the testimony that the leakage had ceased for some months previous. In view of the promises to make the necessary repairs, testified to have been made by the defendant, and the cessation of the leakage for a considerable period thereafter, it was a question of fact for the trial court whether or not the plaintiffs were required to anticipate the possibility of further leakage, and the record does not justify a reversal on the facts. The same may be said of the appellant's contention that the plaintiffs did not show that they had taken proper steps to minimize the loss upon discovering the recurrence of the leakage.

The judgment should be affirmed, with costs.   All concur.